Tara L. Borelli (*Pro Hac Vice*)
**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**
3325 Wilshire Boulevard, Suite 1300
Los Angeles, California 90010
Email: tborelli@lambdalegal.org
Telephone: 213.382.7600
Facsimile: 213.351.6050

Daniel C. Barr (Bar No. 010149)
Kirstin T. Eidenbach (Bar No. 027341)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Email: DBarr@perkinscoie.com
       KEidenbach@perkinscoie.com
       JPeters@perkinscoie.com
Telephone: 602.351.8000
Facsimile: 602.648.7000

*Attorneys for Plaintiffs Tracy Collins, Keith B. Humphrey, Joseph R. Diaz, Beverly Seckinger, Stephen Russell, Deanna Pfleger, Corey Seemiller, Carrie Sperling, and Leslie Kemp*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Collins, Keith B. Humphrey, Joseph R. Diaz, Judith McDaniel, Beverly Seckinger, Stephen Russell, Deanna Pfleger, Corey Seemiller, Carrie Sperling, and Leslie Kemp,<br><br>Plaintiffs,<br><br>v.<br><br>Janice K. Brewer, personally and in her official capacity as Governor of the State of Arizona; et al.,<br><br>Defendants. | No. CV09-2402-PHX-JWS<br><br>**SCHEDULING AND PLANNING CONFERENCE REPORT** |

43670-0003/LEGAL27316671.2

**I.	Meeting.**  In accordance with Rule 26(f), Federal Rules of Civil Procedure, a meeting was held on July 22, 2013 and was attended by Tara L. Borelli, Daniel C. Barr, Kirstin T. Eidenbach, and Jerica L. Peters, counsel for Plaintiffs Tracy Collins, Keith B. Humphrey, Joseph R. Diaz, Beverly Seckinger, Stephen Russell, Deanna Pfleger, Corey Seemiller, Carrie Sperling, and Leslie Kemp (collectively "Plaintiffs"); and Charles Grube, counsel for Defendants Janice K. Brewer, David Raber, and Kathy Peckardt (collectively "Defendants").

As a result of that meeting, the parties recommend the following:

**II.	Disclosures.**  The information required by Fed. R. Civ. P. 26(a)(1), including preliminary witness lists, will be exchanged by the parties on or before **August 5, 2013**.

**III.	Contested Issues of Fact and Law.**  Preliminarily, the parties expect the following issues of fact and/or law to be presented to the Court:

This case involves the State of Arizona's program of offering health insurance coverage to eligible employees, including coverage for eligible dependents. Prior to 2008, this program did not extend the coverage to unmarried domestic partners of State employees. In 2008, the Arizona Department of Administration adopted administrative rules that created coverage for qualified unmarried domestic partners of State employees. During 2009, the Arizona Legislature passed House Bill 2013, which the Governor signed into law. It included a statutory provision, A.R.S. § 38-651(O) ("Section O") that defined dependents as "spouses" and "children" up to certain ages.

Plaintiffs are lesbian and gay State employees who seek to enjoin Defendants' enforcement of that portion of Section O which eliminates family health insurance coverage for such employees by limiting such family coverage to "spouses," a status that lesbian and gay employees cannot attain under Arizona law. Plaintiffs allege, on behalf of themselves and all others similarly situated, that Section O violates the guarantees of equal protection based on sexual orientation and sex under the Fourteenth Amendment to

the United States Constitution.  Preliminarily, the parties expect the following issues of fact and/or law to be presented to the Court:

      A.    Whether Section O violates the Fourteenth Amendment's guarantee of equal protection.

      B.    What legal standard applies to the Plaintiffs' claim, including the applicable burdens of proof.

      C.    Whether Plaintiffs are entitled to the injunctive relief they request.

**IV.**    **Discovery Plan.**  The parties jointly propose to the Court the following discovery plan:

      A.    The parties expect that discovery may be needed on the following issues:  the factual bases of Plaintiffs' claims, and the factual bases of any governmental interests that any Defendant may advance as a rationale for the exclusion of Plaintiffs from family health coverage, and any other defenses that Defendants may raise.

      B.    The parties do not anticipate any issues relating to the preservation of discoverable information.

      C.    While the parties reserve all rights to modify their current positions, at this time the parties do not anticipate seeking discovery of information stored only in electronic format.  To the extent such information is requested through discovery, the parties will, where practicable, provide such data in native format.  Where such electronically stored information is produced, and should the recipient not be able to access the information, the producing party will provide any required passwords and otherwise cooperate in assisting the recipient to read and sort the data.

      D.    At this stage in the litigation, the parties do not have any indication that there will be any disputed issues with claims of privilege or of protection for trial preparation materials.  To facilitate the protection of privileged materials while streamlining the process of discovery, the parties have agreed that no party shall be required to produce a log identifying attorney work product or attorney-client privileged communications that took place for purposes of, or in anticipation of, this litigation, as is

otherwise required by Fed. R. Civ. P. 26(b)(5)(A). All parties reserve the right to revisit this agreement and to require that opposing counsel produce the information required by Fed. R. Civ. P. 26(b)(5)(A) within a reasonable time, if any party determines that the current agreement is insufficient for purposes of conducting discovery.

The parties anticipate that there may be confidentiality issues pertaining to the use of information and records that are confidential under various statutes and rules, and will submit their proposed confidentiality agreement on or before **September 15, 2013**.

E. Expert reports shall be disclosed by all parties on or before **May 25, 2014**. Rebuttal reports shall be disclosed by all parties on or before **July 9, 2014**.

F. Supplementation of disclosures and discovery responses under Fed. R. Civ. P. 26(e) shall be served as new information is acquired, but not later than 60 days before the close of fact discovery.

G. A final witness list disclosing:

1. All lay witnesses whom a party may wish to call at trial will be served and filed on or before **March 5, 2014**.

2. All expert witnesses whom a party may wish to call at trial will be served and filed on or before **June 6, 2014**.

3. All rebuttal expert witnesses whom a party may wish to call at trial will be served and filed on or before **July 9, 2014**.

H. Time for completing discovery.

1. Fact discovery will be completed on or before **April 25, 2014.**

2. Expert discovery will be completed on or before **August 9, 2014.**

I. Limitations on discovery.

1. The limitations contained in Fed. Rs. Civ. P. 26(b), 30, and 33 will apply except as indicated below.

2. The maximum number of depositions by each side will not exceed **15**.

(a) Depositions will not exceed **4 hours** as to party deponents.

        (b)    Depositions will not exceed **4 hours** as to any non-party deponents.

        (c)    Depositions will not exceed **7 hours** as to any expert.

    3.    The maximum number of interrogatories posed by each side will not exceed **30**.

**V.    Pretrial Motions.**

    A.    The parties do not anticipate any preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation that should be filed within 60 days.

    B.    Motions – Fed. R. Civ. P. 56(b):

        1.    Motions to amend pleadings or add parties will not be filed later than **November 1, 2013**.

        2.    Motions under the discovery rules relating to fact discovery will not be filed later than **the close of fact discovery.**

        3.    Motions under the discovery rules relating to expert discovery will not be filed later than **the close of expert discovery.**

        4.    Motions *in limine* will be filed no later than **30 days before the trial date**.

        5.    Dispositive motions (including motions for summary judgment) will be filed not later than **September 15, 2014**.

**VI.    Other Provisions.**

    A.    The parties do not request a conference with the court before the entry of a scheduling order.

    B.    The parties do not consent to trial before a magistrate judge.

    C.    The disclosure requirements of Fed. R. Civ. P. 7.1 do not apply because there are no nongovernmental corporate parties in this suit.

    D.    Early settlement/alternative dispute resolution.

        1.    The parties do not request immediate assistance by way of a settlement conference or alternative dispute resolution.

        2.    The parties do not wish to consider private mediation or settlement conference with a judicial officer of this court at a later date.

1    E. The scheduling order will make provision for pretrial conferences, certification of the case as ready for trial, and a final pretrial order.

**VII.  Trial.**

A. The case is expected to take **4 days** to try.

1. The parties concur that because only declaratory and injunctive relief is sought by Plaintiffs, there is no jury trial right under the Seventh Amendment. However, Defendants reserve the right to move the Court for trial by an advisory jury as permitted by Fed. R. Civ. P. 39(C).

Dated this 30th day of July, 2013.

| | |
|---|---|
| **PERKINS COIE LLP** | **THOMAS C. HORNE**<br>**ARIZONA ATTORNEY GENERAL** |
| By:  s/ Daniel C. Barr<br>    Daniel C. Barr<br>    Kirstin T. Eidenbach<br>    Jerica L. Peters | By:  s/ Charles A. Grube<br>    Charles A. Grube<br>    Senior Agency Counsel<br><br>*Attorneys for Defendants* |
| **LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**<br>    Tara L. Borelli (*Pro Hac Vice*)<br><br>*Attorneys for Plaintiffs* | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2013, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Charles A. Grube (charles.grube@azag.gov)
Alisa Blandford (alisa.blandford@azag.gov)
Kathryn J. Winters (kathryn.winters@azag.gov)

         s/ Delana Freouf