Tara L. Borelli (*Pro Hac Vice*)
**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**
3325 Wilshire Boulevard, Suite 1300
Los Angeles, California 90010
Email:  tborelli@lambdalegal.org
Telephone:   213.382.7600
Facsimile:    213.351.6050

Daniel C. Barr (Bar No. 010149)
Kirstin T. Eidenbach (Bar No. 027341)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Email:  DBarr@perkinscoie.com
            KEidenbach@perkinscoie.com
            JPeters@perkinscoie.com
Telephone:   602.351.8000
Facsimile:    602.648.7000

*Attorneys for Plaintiffs Joseph R. Diaz, Beverly Seckinger, Stephen Russell, Deanna Pfleger, and Corey Seemiller, on behalf of themselves and all others similarly situated*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph R. Diaz, Beverly Seckinger, Stephen Russell, Deanna Pfleger, and Corey Seemiller, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Janice K. Brewer, in her official capacity as Governor of the State of Arizona; et al.,<br><br>Defendants. | No. CV09-2402-PHX-JWS |

**LODGED:  PROPOSED STIPULATED PROTECTIVE ORDER ATTACHED**

Tara L. Borelli (*Pro Hac Vice*)
**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**
3325 Wilshire Boulevard, Suite 1300
Los Angeles, California 90010
Email:  tborelli@lambdalegal.org
Telephone:   213.382.7600
Facsimile:    213.351.6050

Daniel C. Barr (Bar No. 010149)
Kirstin T. Eidenbach (Bar No. 027341)
Jerica L. Peters (Bar No. 027356)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Email:  DBarr@perkinscoie.com
            KEidenbach@perkinscoie.com
            JPeters@perkinscoie.com
Telephone:   602.351.8000
Facsimile:    602.648.7000

*Attorneys for Plaintiffs Joseph R. Diaz, Beverly Seckinger, Stephen Russell, Deanna Pfleger, and Corey Seemiller, on behalf of themselves and all others similarly situated*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph R. Diaz, Beverly Seckinger, Stephen Russell, Deanna Pfleger, and Corey Seemiller, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Janice K. Brewer, in her official capacity as Governor of the State of Arizona; et al.,<br><br>Defendants. | No. CV09-2402-PHX-JWS<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs Joseph R. Diaz, Beverly Seckinger, Stephen Russell, Deanna Pfleger, and Corey Seemiller, on behalf of themselves and all others similarly situated (collectively "Plaintiffs") and Defendants Janice K. Brewer and Brian McNeil (collectively "Defendants") having stipulated to the entry of this Protective Order defining confidential information and restricting its dissemination and use, and this Court, having considered the terms and conditions of this Protective Order, and good cause appearing thereto,

**IT IS HEREBY ORDERED:**

**I.   Definitions**

A.   "Confidential information" includes all protected health information and financial information produced in discovery in this litigation, regardless of the medium or manner generated, stored, or maintained.  For purposes of this Protective Order, confidential information shall include documents, or portions thereof, discovery responses, testimony, and copies, notes, extracts, written summaries or written descriptions of such material.  Confidential information shall not include any information that is otherwise publicly available, unless that information is in the public domain as a result of a violation of any duty, law, or agreement, including, but not limited to, this Protective Order.  Confidential information shall not include any information that the State of Arizona has or receives outside of discovery in this case, including without limitation all information pertaining to current or former State employees, and nothing in this Protective Order shall be deemed to affect the State of Arizona's use of such information in the ordinary course of the State's operations.

B.   "Protected health information" is defined by the Health Insurance Portability and Accountability Act, 45 C.F.R. § 160.103 and includes all information covered by A.R.S. § 12-2294.

C.   "Financial information" refers to any financial information or data that the designating party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or believes in good faith is

protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

D.  "Litigation" shall mean this action, any appeals of this action, and any action related to the enforcement or monitoring of any injunction or other relief obtained in this action.

## II. Confidential Information

A.  Any party or third party may designate material as confidential information. The designation of material as confidential shall be made by placing or fixing on the first page of the material, in a manner that will not interfere with the material's legibility, the words "Confidential Information – Subject to Protective Order."

B.  If a party inadvertently produces confidential information without the required label, the producing party shall inform the receiving party in writing and shall identify the specific material at issue immediately upon discovering the inadvertent omission. Likewise, if a receiving party contends that confidential information was produced without the required label, the receiving party shall inform the producing party in writing of the specific material at issue upon discovering the failure to label the information. Upon receipt of notice, all parties shall treat the material identified in the notice as confidential unless and until the designating party withdraws that designation or unless this Court enters an order stating that the document shall not be treated as confidential information.

C.  If a receiving party contends that any document has been erroneously or improperly designated confidential, it shall treat the document as confidential unless and until the designating party withdraws the designation or unless this Court enters an order stating that the document shall not be treated as confidential information.

D.  A party producing confidential information that belongs to another party or third party is obligated to mark the material consistent with this Protective Order.

### III. Filing Confidential Information Under Seal

A. Any confidential information filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name and number along with the following statement: "This document is subject to a protective order issued by the Court and shall only be copied or examined in compliance with that order." Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel. Upon failure of the filing party to file confidential information under seal, any party may request that the Court place the document under seal. The procedures of Local Rule 5.6 shall be followed.

### IV. Treatment of Confidential Information

A. Confidential information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of the representatives, agents, expert witnesses, or consultants, except for the preparation and trial of this action and as otherwise limited by this Protective Order.

B. Confidential information received from the opposing party or a third party may be disclosed only to the following persons:

1. Counsel of record for the parties, and employees and agents of such counsel who are assisting in the preparation or trial of this action;
2. The Court and court personnel;
3. Stenographic and videographic reporters engaged in such proceedings;
4. All experts and consultants retained by the parties;
5. Witnesses to whom confidential information may otherwise be disclosed during a deposition taken in the matter or otherwise during the preparation for trial. Such witnesses may not leave the deposition with copies of any confidential information unless it is their confidential information;

   6. When a lesbian or gay State employee consents to the disclosure of her or his confidential information, Plaintiffs' counsel can do so in accordance with that consent; and

   7. Any person expressly named and agreed to in writing by counsel of record for the parties.

**V.  Access to Confidential Material**

A. Before being given access to confidential information received from an opposing party or a third party, each qualified person listed in Section IV(E) of this Protective Order (other than counsel of record, the Court, and court personnel) shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree on the record in deposition or in open Court or in writing to be bound by the Agreement by signing a document substantially similar to Exhibit A attached hereto.  Unless such agreement is made on the record, the person making the disclosure shall retain the original executed agreement until termination of this litigation, or until otherwise ordered by the Court.  Counsel of record shall maintain a list of all qualified persons to whom they or their client have provided any confidential information, and that list shall be available for inspection by the Court and opposing counsel by order of the Court.

B. Except to the extent permitted by this Protective Order, every qualified person provided copies of or access to confidential information pursuant to this Protective Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of such material as confidential, shall take all necessary and prudent measures to maintain the confidentiality of such materials or information, and shall not disseminate such confidential information, except as permitted by this Protective Order.

C. Nothing in this order is intended to prevent Defendants or their employees or agents from having access to confidential information to which they have

access in the normal course of their official duties.  *Nothing in this order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.*  The designation of documents provided by the Defendants as confidential information shall not be construed to restrict the right of Defendants (and other State officers, employees and contractors) to utilize such information in the ordinary course of the State's operations.

### VI.    Return or Destruction of Confidential Information

A.     If any counsel of record distributes copies of material containing confidential information to one or more qualified persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be returned to that counsel of record at the completion of the qualified person's consultation or representation in this case.  Counsel of record shall, upon request by opposing counsel, provide written confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material, have, to the best of counsel's knowledge, been returned as required.  For court filings and work product, this Protective Order shall continue to govern such material.

B.     Within 90 calendar days of the final conclusion of this litigation (including all time for appeals, or the expiration or dissolution by the Court of any consent decree, order or judgment, whichever is later), each party shall destroy all documents or parts thereof designated as confidential information, and all copies thereof in its possession, including documents in the possession of all persons hired or retained by plaintiff to assist in connection with this litigation.  This Provision does not require the destruction of any court filings or any work product, even if such documents include confidential information.  Counsel of record shall, upon request by opposing counsel or the Court, provide written confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material have, to the best of counsel's knowledge, have been destroyed as required.

**VII. Objections**

A. Nothing in this Protective Order waives any objection related to any material.

B. By stipulating to this Protective Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work product doctrine, relevance, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

**VIII. Other Provisions**

A. The terms of this Protective Order constitute and shall be deemed to be an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by the Rules of Professional Conduct in this jurisdiction). The Court shall retain jurisdiction to enforce the terms of this Protective Order.

B. This Protective Order shall be binding on the parties, any third parties that agree to be bound by this Protective Order, attorneys of any party or third party to this Protective Order, and the parties', third parties', and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, and other persons or organizations over whom or which the parties have control. The provisions of this Protective Order shall continue to be binding after the termination of this litigation by entry of final judgment or order of dismissal.

C. The provisions of this Protective Order are without prejudice to the right of any party (a) to apply to the Court for a modification of this order or further protective orders relating to discovery in this litigation, (b) to apply to the Court for an order removing the confidential information designation from any document, (c) to object to a discovery request, or (d) to apply to the Court for an order compelling production of documents or compelling an answer to a discovery request.

D. This Protective Order does not govern trial or other legal proceedings. The parties shall address the Court at a later date on appropriate procedures for trial and other legal proceedings.

# EXHIBIT A

I, _____, have read the Protective Order in *Diaz v. Brewer*, Docket No. CV09-2402-PHX-JWS.  I understand and agree to be bound by and abide by its terms.  I agree that all information provided to me in this matter is to be treated as confidential, and all copies of any kind, whether paper, electronic, or in other media, are to be provided to Plaintiffs' counsel immediately upon completion of any work performed by me.  I further consent to be subject to the jurisdiction of the United States District Court for the District of Arizona for the purposes of any proceeding for contempt.

Date:_____          _____
                                                                              Signature

_____          _____
                                                                            Printed Name

43670-0003/LEGAL27800453.2