THOMAS C. HORNE
Attorney General
(Firm State Bar No. 14000)

Charles A. Grube
Senior Agency Counsel
State Bar No. 011511
1275 W. Washington
Phoenix, Arizona  85007‑2997
Telephone:  (602) 542-8341
Facsimile:  (602) 542-4385
AdminLaw@azag.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph R. Diaz, Beverly Seckinger, Stephen Russell, Deanna Pfleger, and Corey Seemiller,<br><br>Plaintiffs,<br><br>v.<br><br>Janice K. Brewer, in her official capacity as Governor of the State of Arizona, Brian McNeil, in his official capacity as Director of the Arizona Department of Administration; and Does 1 through 100,<br><br>Defendants. | Case No:   2:09-cv-02402-JWS<br><br>ANSWER TO SECOND AMENDED COMPLAINT |

Defendants, for their answer to the Second Amended Complaint, state and allege as follows:

1. Admit that plaintiffs seek declaratory and injunctive relief and deny the remaining allegations of Paragraph 1.

2. Admit the allegations of Paragraph 2, except deny that any compensation is limited to "heterosexual employees," and deny that optional employee health insurance is "valuable employment compensation."

3. Admit that the State adopted an administrative rule that allowed certain unmarried domestic partners to participate in the State's health insurance benefit plan, and deny the remaining allegations of Paragraph 3.

4. Admit that on or about September 4, 2009, the Governor reviewed, approved and signed certain duly-passed legislation, commonly known as House Bill 2013, which includes a statutory provision referred to as Section O; admit that duly authorized state officials announced that Section O would apply at the end of the current employee health plan year, then expected to be about October 1, 2010; admit that this court entered a preliminary injunction; and deny the remaining allegations of Paragraph 4.

5. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 5, except deny that there is any "selective withdrawal of family coverage from lesbian and gay state employees," and further deny that the State left any coverage intact for "heterosexual state employees" and further deny that any plaintiff was denied "equal compensation for equal work" or suffered any discriminatory infliction of any harms.

6. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 6, except deny that there is any "selective withdrawal of family coverage from lesbian and gay state employees," and further deny that the State left any coverage intact for "heterosexual state employees."

7. Deny the allegations of Paragraph 7.

8. Deny the allegations of Paragraph 8.

9. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 9.

10. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 10.

11. Deny the allegations of Paragraph 11.

12. Admit the allegations of Paragraph 12.

13. Admit the allegations of Paragraph 13.

14. Admit the allegations of Paragraph 14.

15. Admit the allegations of Paragraph 15.

16. Admit the allegations of Paragraph 16.

17. Admit the allegations of Paragraph 17, except deny that the Governor "was and is directly responsible for the implementation and enforcement of Section O."

18. Admit the allegations of Paragraph 18, except deny that defendant Brian McNeil has any "direct responsibility to implement and enforce Section O's termination of domestic partner benefits for lesbian and gay State employees with a same-sex life partner."

19. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 19.

20. Deny the allegations of Paragraph 20.

21. Admit the allegations of Paragraph 21, except deny that there was any deprivation of rights secured by the United States Constitution.

22. Deny the allegations of Paragraph 22.

23. Admit that venue is proper and deny the remaining allegations of Paragraph 23.

24. Admit the allegations of Paragraph 24.

25. Deny the allegations of Paragraph 25.

26. Admit the contents of Article 30, § 1 of the Arizona Constitution and deny the remaining allegations of Paragraph 26.

27. Admit the allegations of Paragraph 27.

28. Admit the allegations of Paragraph 28, except deny that the State limits any benefits to "heterosexual employees," and further deny that benefits are part of the State's personnel compensation system.

29. Admit that Arizona Administrative Code § R2-5-101 was amended in 2008; deny the remaining allegations of Paragraph 29; and affirmatively allege that the Administrative Code provision speaks for itself.

30. Admit the allegations of Paragraph 30, except deny that the administrative regulation requires an employee to "have a committed life partner."

31. Admit the allegations of Paragraph 31, except lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegation that each plaintiff continues to meet the requirements described.

32. Admit the allegations of Paragraph 32, and affirmatively allege that the same material appears as A.A.C. R2-6-101 in the current administrative code.

33. Admit the terms of the statutory enactment referred to Section O; and deny the remaining allegations of Paragraph 33.

34. Deny the allegations of Paragraph 34.

35. Deny the allegations of Paragraph 35.

36. Deny the allegations of Paragraph 36.

37. Deny the allegations of Paragraph 37.

38. Admit the allegations of Paragraph 38.

39. Admit the allegations of Paragraph 39.

40. Admit that the court entered an injunction; and lack knowledge or information sufficient to form a belief as to the truth and accuracy of the remaining allegations of Paragraph 40.

41. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 41.

42. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 42.

43. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 43.

44. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 44.

45. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 45.

46. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 46.

47. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 47.

48. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 48.

49. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 49.

50. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 50.

51. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 51.

52. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 52.

53. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 53.

54. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 54.

55. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 55.

56. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 56.

57. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 57.

58. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 58.

59. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 59.

60. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 67.

61. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 61.

62. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 62.

63. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 63.

64. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 64.

65. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 65.

66. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 66.

67. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 67

68. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 68.

69. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 69.

70. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 70.

71. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 71.

72. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 72.

73. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 73.

74. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 74.

75. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 75.

76. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 76.

77. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 77.

78. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 78.

79. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 79.

80. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 80.

81. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 81.

82. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 82.

83. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 83.

84. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 84.

85. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 85.

86. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 86.

87. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 87.

88. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 88.

89. Admit that the State has posted certain information for employees concerning the effect of this court's preliminary injunction; and lack knowledge or information sufficient to form a belief as to the truth and accuracy of the remaining allegations of Paragraph 89.

90. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 90.

91. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 91.

92. Admit the terms of Executive Order No. 2003-22, and deny the remaining allegations of Paragraph 92.

93. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 93.

94. Deny that the costs of domestic partner benefits to employers generally are limited; and lack knowledge or information sufficient to form a belief as to the truth and accuracy of the remaining allegations of Paragraph 94.

95. Deny that the costs of domestic partner coverage is negligible; and lack knowledge or information sufficient to form a belief as to the truth and accuracy of the remaining allegations of Paragraph 95, except admit that Mr. Alan Ecker has made certain reports about the expected savings from eliminating the domestic partner coverage.

96. Deny the allegations of Paragraph 96.

97. Admit that certain municipal employers in Arizona offer domestic partner coverage; admit that far less than one-half of the states presently offer such domestic partner coverage; and lack knowledge or information sufficient to form a belief as to the truth and accuracy of the remaining allegations of Paragraph 97.

98. Lack knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of Paragraph 98.

99. Deny the allegations of Paragraph 99.

100. Admit the allegations of Paragraph 100 as a general proposition of law; admit that governments have a valid interest in cost containment; but deny any portion of Paragraph 100 intended as a factual allegation or as applicable to any issues or facts in this matter.

101. Admit the allegations of Paragraph 101, except deny that the State has engaged in any discriminatory withdrawal of any benefit from lesbian and gay employees.

102. Deny the allegations of Paragraph 102.

103. Deny the allegations of Paragraph 103.

104. Deny the allegations of Paragraph 104.

105. Incorporate by reference the contents of Paragraph 1 through 104 above as if set forth herein; and if this paragraph is intended as any sort of factual allegation, deny the same.

106. Deny the allegations of Paragraph 106.

107. Deny the allegations of Paragraph 107.

108. Deny the allegations of Paragraph 108.

109. Deny the allegations of Paragraph 109.

110. Deny the allegations of Paragraph 110.

111. Deny the allegations of Paragraph 111.

112. Incorporate by reference the contents of Paragraph 1 through 111 above as if set forth herein.

113. Deny the allegations of Paragraph 113.

114. Deny the allegations of Paragraph 114, except admit the text of the Fourteenth Amendment.

115. Deny the allegations of Paragraph 115.

116. Deny the allegations of Paragraph 116.

117. Deny the allegations of Paragraph 117.

118. Deny the allegations of Paragraph 118.

119. Deny the allegations of Paragraph 119.

120. Deny the allegations of Paragraph 120.

121. Deny the allegations of Paragraph 121.

122. Deny the allegations of Paragraph 122.

123. Deny the allegations of Paragraph 123.

124. Admits that Governor has the general duty and authority to ensure that executive branch departments follow the law; and deny the remaining allegations of Paragraph 124.

125. Deny the allegations of Paragraph 125, except admit that the Governor lawfully signed the challenged statute as passed by the Arizona legislature.

126. Deny the allegations of Paragraph 126.

127. Deny the allegations of Paragraph 127.

128. Deny the allegations of Paragraph 128.

129. Deny the allegations of Paragraph 129.

130. Deny the allegations of Paragraph 130.

131. Deny the allegations of Paragraph 131.

132. Incorporate by reference Paragraphs 1 through 131 above as if fully set forth herein.

133. Deny the allegations of Paragraph 133.

134. Deny the allegations of Paragraph 134.

135. Deny the allegations of Paragraph 135

136. Deny the allegations of Paragraph 136.

137. Deny the allegations of Paragraph 137.

138. Deny the allegations of Paragraph 138.

139. Deny the allegations of Paragraph 139.

## AFFIRMATIVE DEFENSES

140. Governor Brewer is immune to this action, both under the Eleventh Amendment to the United States Constitution and under the doctrine of "legislative immunity," and the Court lacks subject-matter jurisdiction as to her.

141. The State of Arizona, as an employer, has the discretionary power to create employment benefits and to change them prospectively. The elimination of domestic partner health insurance coverage, which was only in effect for a short time, would place the State in the same position as the United States federal government and the majority of the States who do not offer domestic partner health insurance benefits to their employees.

142. The Amended Complaint fails to state a claim under the Constitutions and laws of the United States of America and the State of Arizona.

143. Plaintiffs' various allegations concerning the purported unavailability of health care insurance do not take into account the effects of the federal Affordable Care Act, especially the portions about to go into effect.

## PRAYER FOR RELIEF

WHEREFORE, defendants request that this court enter a judgment dismissing the Second Amended Complaint, on the merits, with prejudice and without any award of any sort in favor of the plaintiffs; and that the court enter such other and further relief as may be authorized by law and appropriate in the circumstances.

Dated this 30th day of September, 2013.

                                  THOMAS C. HORNE
                                  Attorney General

                                <u>s/Charles A. Grube</u>
                                Charles A. Grube
                                Senior Agency Counsel

<u>NOTICE OF ELECTRONIC FILING AND
CERTIFICATE OF SERVICE</u>

I hereby certify that on September 30, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Tara L. Borelli
Lamba Legal Defense and Education Fund, Inc.
3325 Wilshire Boulevard
Suite 1300
Los Angeles, California  90010

Daniel C. Barr
Kirstin T. Eidenbach
Jerica L. Peters
Perkins Coie  LLP
2901 North Central Avenue
Suite 200
Phoenix, AZ  85012-2788

                                <u>s/Charles A. Grube</u>
                                Senior Agency Counsel

3557444