UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joseph R. Diaz; Beverly Seckinger; Stephen Russell; Deanna Pfleger; and Corey Seemiller; on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 2:09-cv-02402 JWS |
| vs. | ) ) | ORDER AND OPINION |
| Janice K. Brewer, personally and in her official capacity as Governor of the State of Arizona; *et al.* | ) ) ) ) ) | [Re: Motion at Docket 150] |
| Defendants. | ) ) ) | |

## I.  MOTION PRESENTED

At docket 150, Plaintiffs filed a motion requesting attorneys' fees, expenses, and costs pursuant to Federal Rule of Civil Procedure 23(h), 54(d)(2) and 42 U.S.C. § 1988. Documents in support of the motion are at dockets 151, 152, and 153. Defendants filed a response in opposition at docket 155. Plaintiffs' reply is at docket 158, and their notice of supplemental authority is at docket 159. Oral argument was not requested and would not be of assistance to the court.

## II.  BACKGROUND

In 2008 the State of Arizona extended state-employee health benefits to qualified opposite-sex and same-sex domestic partners of state employees. Shortly thereafter, in the fall of 2009, the Governor of Arizona signed legislation that included a provision to limit state-employee dependent-partner benefits to spouses only, thereby eliminating coverage for domestic partners ("Section O"). Opposite-sex domestic partners were able to continue to receive subsidized health coverage by getting married, but same-sex domestic partners were precluded from receiving coverage because at that time Arizona law prevented same-sex couples from marrying and prohibited the state from honoring a civil marriage of a same-sex couple entered into in another jurisdiction.

Plaintiffs filed their complaint in late 2009 to challenge the constitutionality of Section O. Defendants moved to dismiss the complaint, and the Plaintiffs sought a preliminary injunction to enjoin the enforcement of Section O and to maintain health coverage for their families. In July of 2010, the court denied the motion to dismiss as to Plaintiffs' equal protection claims and granted Plaintiffs' request for a preliminary injunction.[1]  Defendants appealed the preliminary injunction to the Ninth Circuit. The three-judge panel unanimously upheld the court's order.[2] The Ninth Circuit rejected the Defendants' petition for rehearing en banc, and the U.S. Supreme Court denied Defendants' petition for a writ of certiorari. Plaintiffs then amended their complaint as a class action. The court certified the class in late 2013. While cross-motions for

---

[1]Doc. 47.

[2]Doc. 62-3; *Diaz v. Brewer*, 656 F.3d 1008 (9th Cir. 2011).

summary judgment were pending, the court, in unrelated cases, ruled that Arizona law barring same-sex marriage was unconstitutional.[3] Consequently, at the request of both parties, on December 31, 2014, the court dissolved the preliminary injunction and dismissed this case as moot.  Plaintiffs later requested that the court reinstate the preliminary injunction in light of the fact that the State of Arizona had changed its position and decided to appeal the court's decisions in the same-sex marriage cases. The court denied the request for lack of jurisdiction. The court entered judgment on January 13, 2015. Plaintiffs timely filed their motion for attorneys' fees and costs.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 1988(b), the court may award the "prevailing party" in a section 1983 action reasonable attorneys' fees, including out-of-pockets costs and expenses.[4] In determining whether to award attorneys' fees, the court must first consider whether the party seeking fees is the prevailing party.[5] The court then determines whether the amount requested is reasonable, which generally entails a calculation whereby the court multiplies "the number of hours reasonably spent in achieving the results obtained by a reasonable hourly rate."[6] A court may also consider

---

[3] *Majors v. Horne*, 14 F. Supp. 3d 1313 (D. Ariz. 2014); *Connolly v. Jeanes*, No. 2:14-cv-00024 JWS, 2014 WL 5320642 (D. Ariz. Oct. 17, 2014).

[4] 42 U.S.C. § 1988(b); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (noting that § 1988 allows a court to award costs and expenses that would "normally be charged to a fee paying client").

[5] *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995).

[6] *Id.*

other factors, such as the novelty or complexity of the issues, the skill and experience of counsel, and degree of success obtained, and adjust the amount accordingly.[7]

### IV.  DISCUSSION

Plaintiffs request that the court award it attorneys' fees in the amount of $305,049.95.[8] Defendants' primary argument in opposition is that Plaintiffs are not the prevailing party. A party has prevailed for purposes of § 1988 "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."[9] Relief on the merits means that there has been a "judicial *imprimatur*" that results in a change to the parties' legal relationship.[10]

Defendants argue that, because the court dissolved the preliminary injunction, leaving Section O in effect, Plaintiffs cannot be considered the prevailing party. In other words, Defendants argue that Plaintiffs have not prevailed because their injunction was dissolved and never made permanent. They assert that pursuant to the Supreme Court decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of*

---

[7] *Id.* (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Kerr,* 526 F.2d at 70 (listing factors that may be considered when adjusting attorneys' fees).

[8] Plaintiffs originally asked for $305,462.45 in attorneys' fees, but Defendants noted, and Plaintiffs agreed, that three time entries—totaling 1.1 hours—included in their request here had also been included in their application for attorneys' fees filed with the Ninth Circuit for work counsel did in relation to Defendants' appeal of the preliminary injunction. Plaintiffs reduced the requested amount of attorneys' fees by $412.50 to eliminate the duplication. *See* doc. 158.

[9] *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992).

[10] *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001).

*Health and Human Resources*,[11] a judgment on the merits, a consent decree, or a settlement agreement is needed to constitute the necessary judicial *imprimatur*. That is not the law. As the Ninth Circuit clarified in *Higher Taste, Inc. v. City of Tacoma*,[12] a judgment on the merits or a court-ordered consent decree are only examples of the type of court action needed; "[o]ther court-approved actions will suffice, provided they entail a judicial determination that the claims on which the plaintiff obtains relief are potentially meritorious."[13]

The Ninth Circuit has specifically held that a plaintiff who wins a preliminary injunction but does not litigate the case to final judgment can nonetheless be considered the prevailing party. In *Watson v. County of Riverside*,[14] the Ninth Circuit held that the plaintiff was the prevailing party even though the only relief he obtained was a preliminary injunction that later became moot. The plaintiff in *Watson* was a law enforcement officer who was placed on leave for using excessive force based on a report his employer required him to write without the benefit of an attorney. He sued his employer for a violation of due process and sought an injunction preventing his employer from using the report during his administrative hearing. The plaintiff obtained the preliminary injunction. His due process claim regarding the report survived summary judgment, but at that point, the administrative hearing had already past and the

---

[11] 532 U.S. 598 (2001).

[12] 717 F.3d 712 (9th Cir. 2013).

[13] *Id.* at 715.

[14] 300 F.3d 1092 (9th Cir. 2002).

preliminary injunction had "done its job."[15] The claim for a permanent injunction had therefore become moot, and the court dismissed the case. Although there was never a final judgment granting permanent injunctive relief, "the preliminary injunction ended up affording all the relief that proved necessary."[16] Thus, the plaintiff was deemed the prevailing party. The plaintiff in *Watson* "received relief that was as enduring as a permanent injunction would have been and, by virtue of the case's mootness, that relief was no longer subject to being . . . undone by the final decision in the same case."[17] Based on *Watson*, the fact that Plaintiffs never received a permanent injunction because the case later became moot does not mean there was no judicial *imprimatur* materially changing Defendant's behavior as required by *Buckhannon*.

As noted by the Ninth Circuit in *Higher Taste*, when a preliminary injunction is involved, the touchstone of the inquiry is whether the preliminary injunction was sufficiently on the merits and whether the relief was sufficiently enduring to satisfy the requirement that it materially alter the parties' legal relationship.[18] Here, the preliminary injunction was issued with sufficient consideration of the merits, because the court specifically concluded that Plaintiffs were likely to succeed on the merits after hearing from both parties and after due consideration. In other words, the "relief . . . obtained was the product of more than merely a 'nonfrivolous but nonetheless potentially

---

[15] *Id.* at 1096.

[16] *Higher Taste*, 717 F.3d at 717.

[17] *Id.*

[18] *Id.* at 716.

meritless lawsuit.'"[19] The preliminary injunction also materially altered the parties' legal relationship. It forced the State of Arizona to do something it would not otherwise have done—that is, refrain from enforcing Section O and provide family health coverage to state employees with same-sex domestic partners who could not otherwise obtain such coverage through marriage.

The court must also look into events after the injunction issued to make sure that the change has been sufficiently enduring. Indeed, a plaintiff who obtains a preliminary injunction but later loses on the merits after the case is litigated to final judgment is not a prevailing party.[20] That is not the situation here, where the case never proceeded to a decision on the merits. The fact that the preliminary injunction became moot because of rulings in non-related cases is of no consequence. Indeed, the Ninth Circuit has emphasized that a plaintiff may be a prevailing party even in the event that the preliminary injunction becomes moot due to "the passage of time or other circumstances beyond the parties' control."[21] In such cases, the effect of the preliminary injunction ends up being as enduring as it needs to be. Here, before the court issued a final judgment on the merits, the preliminary injunction became unnecessary due to a ruling in another case, but then, as a result, the preliminary injunction had "done its job" by providing Plaintiffs the protections they needed; namely, allowing same-sex couples to maintain coverage until they could obtain the same benefits through marriage. "[B]y

---

[19] *Id.* at 716 (quoting *Buckhannon*, 532 U.S. at 606).

[20] *Sole v. Wyner*, 551 U.S. 74, 86 (2007).

[21] *Higher Taste*, 717 F.3d at 717.

virtue of the case's mootness" the relief obtained by Plaintiffs was no longer subject to being "undone by subsequent rulings in the litigation."[22] Plaintiffs prevailed.

Defendants cite to *Sole v. Wyner*[23] in support of its argument that Plaintiffs are not prevailing because the court actually dissolved the preliminary injunction, leaving Section O intact and undoing the protections the injunction afforded. *Sole* is inapposite. It involved a preliminary injunction that had been dissolved because the plaintiff later lost on the merits and not, as the case is here, because the case had become moot.[24] The Supreme Court in *Sole* specifically indicated that it was only addressing cases where a plaintiff with a preliminary injunction is later denied a permanent one after an adjudication on the merits.[25] Moreover, while the court here dissolved the preliminary injunction, Plaintiffs had already been successful with a significant issue in the litigation and achieved their desired results—protection from Section O for as long as it blocked plaintiffs from access to family health coverage. As noted by Plaintiffs, "[n]ow that same-sex couples can marry in Arizona, Section O's requirement that employees marry to obtain coverage no longer treats same-sex couples differently."[26]

Defendants also cite to *Higher Taste* to argue that a plaintiff can only be considered the prevailing party if the preliminary injunction is followed by a settlement.

---

[22] *Id.*

[23] 551 U.S. 74 (2007).

[24] *Id.* at 86.

[25] *Id.* at 77.

[26] Doc. 158 at p. 3.

That is not an accurate reading of the case; *Higher Taste* supports a finding for Plaintiffs here.

As to the requested fee, the court finds that the amount, after accounting for the 1.1 hours of duplicated time, is reasonable, considering the materials Plaintiffs submitted in support. Indeed, with the exception of pointing out the 1.1 hours of time that Plaintiffs double billed, Defendants do not dispute the reasonableness of the hours counsel spent on the case, nor do they dispute the reasonableness of the hourly rates sought. Instead, Defendants simply argue that the court should reduce the amount of attorneys' fees to reflect the fact that Plaintiffs were not entirely successful during this litigation. While Plaintiffs had some claims dismissed, and the court denied their request to reinstate the preliminary injunction for six months until the Supreme Court issues its ruling regarding same-sex marriage, they ultimately prevailed in the litigation at hand as discussed above. Moreover, a prevailing party is actually entitled to be compensated for time expended on issues lost during the litigation.[27] Here, however, Plaintiffs have indicated that they have eliminated any charges for time spent on issues that they lost, even though not required to do so. The court sees no reason to reduce the amended requested amount.

The court also notes that the Ninth Circuit has summarily granted Plaintiffs' fee application for work done in relation to Defendants' appeal of the preliminary injunction

---

[27] *See Cabrales v. Cnty. of L.A.*, 935 F.2d 1050, 1053 (9th Cir. 1991).

in this case.[28] In doing so, the Ninth Circuit necessarily concluded that Plaintiffs are the prevailing party and that the amount requested is reasonable.

### V.  CONCLUSION

For all the reasons set forth above, Plaintiffs' Application for Attorneys' Fees and Costs is GRANTED.

IT IS ORDERED that Plaintiffs shall be awarded attorneys' fees in the amount of $305,049.95 and costs in the amount of $1,936.67

DATED this 5th day of June 2015.


/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[28] Doc. 159-1.